IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)

| | |
|---|---|
| THOMAS ALSTON<br>10012 Cedarhollow Lane<br>Largo, MD 20774<br><br>Plaintiff,<br><br>v.<br><br>NCO FINANCIAL SYSTEMS, INC.<br>507 Prudential Road<br>Horsham, PA 19044<br><br>Serve: The Corporation Trust Incorporated<br>351 West Camden Street<br>Baltimore, MD 21201<br><br>Defendant. | CIVIL ACTION NO. AW 12 CV 1708<br>JURY TRIAL DEMANDED |

## COMPLAINT

COMES NOW the Plaintiff, Thomas Alston, (hereafter the "Plaintiff") and for his complaint against the Defendant NCO Financial Systems Inc. ("NCO") and alleges as follows:

### PRELIMINARY STATEMENT

1. This is an action for actual, statutory and punitive damages, costs and attorney's fees brought pursuant to the Fair Credit Reporting Act, 15 U.S.C. §1681 *et seq.* ("FCRA").

### JURISDICTION & VENUE

2. The jurisdiction of this Court is conferred by 15 U.S.C. §1681(p) and 28 U.S.C. §1331. Venue in this District is proper in that NCO transacts business here and the conduct complained of occurred here.

### PARTIES

3. The plaintiff is a natural person and resides in Largo, Maryland. He is a "consumer" as defined by the FCRA, 15 U.S.C. §1681a(c).

4. Defendant NCO is a Pennsylvania corporation and is a "person" within the

meaning of the FCRA, 15 U.S.C. §1681a(b).

5. Defendant NCO collects, and attempts to collect, debts incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of creditors using the U.S. mail, telephone, and internet.

## FACTS

6. In August 2010 Mr. Alston obtained his Transunion consumer credit report and discovered that in June 2008 and October 2008 NCO obtained Mr. Alston's consumer credit report without a permissible purpose.

7. Mr. Alston is not a holder of a debt owed to NCO or to some other creditor that either assigned a debt to NCO or authorized NCO to collect a debt.

## COUNT ONE: VIOLATIONS OF FCRA

8. Plaintiff realleges and incorporates paragraphs 1 through 7 above as if fully set out herein.

9. Defendant NCO violated 15 U.S.C. §1681b(f) by obtaining Plaintiff's consumer credit report without a permissible purpose as defined by U.S.C. §1681b(a).

10. As a result of conduct, actions and inactions of NCO, the Plaintiff suffered actual damages including without limitation, by example only and as described herein by Plaintiff: credit repair costs, loss of credit, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

11. NCO's conduct, actions and inactions were willful, rendering NCO liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, NCO was negligent, entitling the Plaintiff to recover under 15 U.S.C. §1681o.

12. The Plaintiff is entitled to recover actual damages, punitive damages, statutory damages, costs and attorneys' fees from NCO in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

WHEREFORE, your Plaintiff demands judgment for actual and punitive damages against NCO Financial Systems, Inc.; for his attorney's fees and costs; for prejudgment and post-judgment interest at the legal rate, and such other relief as the Court deems just, equitable and proper.

**TRIAL BY JURY IS DEMANDED.**

THOMAS ALSTON

By _Thomas Alston_

Thomas Alston
10012 Cedarhollow Lane
Largo, MD 20774
(240) 432-0927